### *JOHN J. MASSA v. STATE OF OHIO,

AVERMENT AS TO SPECIAL GRADE OF A CITY.

> The court cannot take judicial notice that a city is one of a certain grade or class to which a special statute applies only, and an information filed in the police court charging a violation of such a statute, must aver the fact.

ERROR to the Court of Common Pleas of Hamilton county.

BY THE COURT.

The plaintiff in error was charged in the police court of the city of Cincinnati, with the violation of the statute, entitled, "An act to prevent the sale of intoxicating liquors in the cities of the first grade of the first class, during certain hours therein named," passed April 30, 1885, 82 O. L., 185. The information filed against him, while containing all other proper averments, did not allege that the city of Cincinnati, in which the offense was charged to have been committed, was a "city of the first grade of the first class." A demurrer was filed to this information, on the ground that it did not state an offense punishable by the laws of the state, which was overruled by the court, and objection taken by the defendant. Trial was then had, and the defendant found guilty by the court, and adjudged to pay a fine of $—— and the costs. A motion in arrest of judgment was then filed on the same ground, which was also overruled by the court, and exception taken. To reverse this judgment, a petition in error was filed in the court of common pleas, but on hearing it was affirmed, and this proceeding in error is prosecuted seeking the reversal of the judgment of that court.

Held: That under the terms of the statute in question, it was essential to the sufficiency of such information, that it should allege that the city of Cincinnati was a city of the first grade of the first class. The court could not take judicial notice that such is the fact. It is one which must be alleged and proved. Bolton v. Cleveland, 35 O. S., 319, 321.

E. G. Hewitt, for plaintiff in error.

J. C. Schwartz, prosecuting attorney police court, for state.